**In re Barbara Ann FOWLER, Debtor.**

**Bankruptcy No. 2-81-00303.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Oct. 21, 1981.

Norman M. Frank, Columbus, Ohio, for debtor.

Robert E. Giffin, Columbus, Ohio, for Central Ohio Nutrition Center, Inc.

Harry S. Krakoff, Columbus, Ohio, for Nat. Revenue Corp.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON MOTION FOR CITATION IN CONTEMPT

R. J. SIDMAN, Bankruptcy Judge.

The Chapter 13 debtor, Barbara Ann Fowler, has filed a motion in this Court requesting an order finding Central Ohio Nutrition Center ("CONC") in contempt of this Court by reason of certain of its post-petition conduct, and that the order further specify that CONC pay damages to the debtor as a result of such finding.

The Court makes the following findings of fact. Barbara Ann Fowler filed a Chapter 13 petition in this Court on January 27, 1981. Included among the listed creditors in the attached Chapter 13 statement was

"Central Ohio Nutrition Center
c/o National Revenue Corp.
2323 Lake Club Drive
P. O. Box 13188
Cols., OH. 43213"

The consideration for the debt was listed as a "diet program", the amount of the debt was not contested, and was listed at $428.00. Apparently without any participation by or input from CONC, a meeting of creditors was held in the Fowler Chapter 13 case on March 4, 1981, and her 100% Chapter 13 plan was confirmed by order of the Court issued March 30, 1981. CONC filed its unsecured claim in this proceeding in the amount of $428.00 on August 26, 1981.

■ The debtor does not dispute the obligation owed to CONC. Sometime prior to the filing of her Chapter 13 petition, the debtor was advised by National Revenue Corporation, a collection agency, that her delinquent account with CONC had been referred to it for collection. That written advice, in addition to requesting payment on the claim, also indicated that "We urge you to make immediate arrangements *directly with your creditor.* We advise this as a courtesy and a means for preserving your valuable credit prestige with your creditor." The creditor listed on that written notification was Central Ohio Nutrition Center Inc. at 5340 E. Main Street, Columbus, Ohio, the correct address of the creditor. This fact becomes important for the reason that Central Ohio Nutrition Center claims to have had no notice concerning this Chapter 13 case until August of 1981 when the debtor filed her Motion for Citation in Contempt and the matter was set for hearing by the Court. National Revenue Corporation, its collection agent prior to this Chapter 13 filing, claims that it did not receive any notification from this Court that the debtor, Barbara Ann Fowler, had filed a bankruptcy case, and thus, it had not advised CONC of such filing. In fact, the notification to National Revenue Corporation, as agent for CONC, was properly sent to National Revenue Corporation, and this Court must presume its receipt. Such presumption of receipt by an authorized agent of CONC attributes knowledge of the pendency of this proceeding to both National Revenue Corporation and CONC. In addition, even without such actual notification, the filing of this Chapter 13 petition is constructive notice to all parties in interest. Clearly,

however, the better practice would have been for the debtor to have listed CONC at its proper address in her Chapter 13 statement, thus avoiding any ambiguity on the notice issue.

■ In any event, the debtor, Barbara Ann Fowler, received telephone calls, and a collection letter from an attorney, in July and August of 1981, subsequent to the confirmation of her Chapter 13 plan and in clear violation of the automatic stay imposed by § 362(a)(1) and (6) of the Bankruptcy Code. One of the benefits conferred upon a Chapter 13 debtor is the freedom from harassment on debts included within the confirmed plan. This benefit is subject to substantial dilution if post-petition collection of debts included within a Chapter 13 plan is permitted. In addition, the integrity of the bankruptcy process demands that violations of the stay orders of this Court be duly sanctioned. It is, however, clear that the facts in this case do not establish an intentional violation of the automatic stay of § 362 of the Bankruptcy Code. In fact, CONC had no actual (as opposed to constructive) notification of the pendency of this Chapter 13 proceeding until the debtor's Motion for Citation in Contempt was filed with this Court and it received notification of the Court hearing on that subject. The contemptuous conduct of CONC, then, can only be viewed as unintentional. Superimposed upon that finding, however, is that the principles of agency law dictate that, as between a principal and a third party dealing with an agent of that principal, a third party should and must be able to rely upon the acts of the agent which are performed with either actual or apparent authority. The principal in this case, CONC, vested its agents, National Revenue Corporation, and subsequently attorney Krakoff, with authority to make collection efforts on its behalf. CONC voluntarily chose its agents, and thus must bear some responsibility of its agent's actions in this case. National Revenue Corporation was actually notified of the pendency of this Chapter 13 case, and CONC must bear the responsibility, if only on a negligent

entrustment theory, of National Revenue Corporation's failure to adequately process that notice and advise its principal of the pendency of the Chapter 13 proceeding.

Based upon the foregoing discussion, the Court hereby finds that CONC is in technical violation of the stay order of this Court and thus is found in contempt of such order for post-petition collection efforts taken on its behalf against the debtor, Barbara Ann Fowler. Such finding, however, does not lead to the conclusion that the debtor in this case is entitled to an award of damages. There has been no evidence placed in this record as to any actual damage suffered by this debtor as a result of CONC's post-petition conduct. The Court thus finds, in view of the nature of the violation, that damages are inappropriate. This order shall constitute a finding that CONC has been in contempt of this Court's previous order but that no damages shall be awarded as a result of such conduct.

IT IS SO ORDERED.