In re David James LOCASICO, a/k/a David J. Locascio, Sandra Stastny Locascio, a/k/a Sandra Gail Stastny, a/k/a Sandra G. Stastny, Debtors.

Bkrtcy No. 87–02022–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

July 6, 1987.

David James and Sandra Stastny Locascio, debtors, pro se.

Steven Elliott, West Palm Beach, Fla., for Lake Clarke Motors.

James B. McCracken, Trustee.

## ORDER FINDING CIVIL CONTEMPT

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the court on July 6, 1987, upon the motion of David James Locasico, pro se, charging civil contempt against Lake Clarke Motors. David James Locasico, in proper person, filed his petition for relief under chapter 7, on June 9, 1987. The Clerk's stamp indicates it was filed at 2:51 p.m. The debtor testified under oath that he called Lake Clarke Motors by telephone on June 9, 1987 at 4:13 p.m. Debtor produced and offered into evidence (Debtors' Exhibit No. 1) a Southern Bell Telephone bill reflecting a call to telephone number (305) 967–2000 on June 9, 1987 at 4:13 p.m. Debtor testified that he advised Lake Clarke Motors of the filing of his chapter 7 petition. Lake Clarke Motors did not appear in opposition. They had received notice and confirmed same by engaging counsel, Steven Elliott, to represent Lake Clarke Motors. Mr. Elliott appeared by telephone. No evidence was presented on behalf of Lake Clarke Motors. Evidence was proferred that Lake Clarke Motors received a call from Mr. Locasico in which he stated that he was going to file a chapter 7 proceeding. Lake Clarke Motors, through counsel, argued that they did not consider themselves affected by the automatic stay since debtor did not tell them he had filed. Allowing Lake Clarke Motors the benefit of every doubt and presuming that a representative of Lake Clarke Motors had come to the witness stand and testified in convincing fashion, it seems incredible to the court that the debtor would call Lake Clarke Motors an hour after he had filed his bankruptcy petition and had it clocked in by the Clerk of the Court, and then advise them that he intended to file for bankruptcy at some future time. The court finds the debtor credible and believes his testimony. The court finds that Lake Clarke Motors had knowledge of the filing of the bankruptcy petition on or about June 9, 1987 at or about 4:13 p.m. Thereafter, it is undisputed that Lake Clarke Motors proceeded to repossess debtor's 1975 Datson 280Z. This action constitutes a willful violation of 11 U.S.C. § 362. The court finds Lake Clarke Motors in civil contempt of this court and imposes a fine of $10,000 upon Lake Clarke Motors, to be paid to the Clerk of the U.S. Bankruptcy Court for the Southern District of Florida. Lake Clarke Motors may purge itself of this contempt by delivering the 1975 Datson 280Z automobile and all personal property located therein when the automobile was taken, to the debtor's place of residence, at 7804 S.W. 7th Street, North Lauderdale, Florida within 24 hours of 11:35 a.m. on Monday, July 6, 1987. The court took further testimony on the damages to debtor. The debtor was deprived the use of this automobile from June 15 until July 6 more or less, a period of approximately 21 days. The court values this deprivation of an older used car in this category at $15.00 per day and awards the debtor damages in the amount of $315. These damages may be either paid to debtor or credited to debtor's account.