In re Richard Keith COONS f/d/b/a Coons Construction and Robin Renee Coons, Debtors.

Richard Keith COONS and Robin Renee Coons, Plaintiffs,

v.

The CITY OF SILOAM SPRINGS and Stuart Thomas, Defendants.

Bankruptcy No. 89–04003–C.

Adv. No. 90–0211–C.

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 30, 1991.

Ty H. Stites, Tulsa, Okl., for debtors.

John Dodge, Rogers, Ark., for defendants.

## INTERLOCUTORY ORDER

STEPHEN J. COVEY, Bankruptcy Judge.

This cause is heard upon the Plaintiff's Motion for Summary Judgment asking that the Court find the Defendant, City of Siloam Springs, Utility Division, ("City"), violated the automatic stay. The Court, having examined the briefs, affidavits and other pleadings makes the following findings of fact:

## FINDINGS OF FACT

December 20, 1989, the Debtors filed for bankruptcy in the Northern District of Oklahoma. They did not include on their schedules or creditors' matrix a utility debt due and owing the City where they had previously lived.

On March 8, 1990, the Debtors having moved back to the city, requested utility services, but were refused new service until payment was made on the pre-bankruptcy accounts. On the same day, the Debtors attorney called the City and spoke with Defendant, Stuart Thomas ("Thomas"), a

utility supervisor. The attorney notified Thomas of the bankruptcy filing. He told Thomas the City was not on the schedules, but that he would amend them to include the City. He also stated he would send the City a copy of the Bankruptcy Court Clerk's notice of the bankruptcy filing.

The Debtors' attorney contends he mailed such a notice to the City, but according to its records, the City never received it. In addition, the record reflects the bankruptcy schedules were never amended, so the City never received any correspondence from the Bankruptcy Court Clerk in Tulsa.

On March 14, 1990, six days after the telephone conversation, the Debtors paid the City the outstanding pre-bankruptcy debt of $560.02 in order to obtain new service. The City did not take any additional actions to collect its debt, other than its refusal to supply new service until the past account was paid. One month later, on April 14, 1990, the City received a letter from the Debtors' attorney referring to the March 8 conversation with Thomas and the alleged bankruptcy notice he had sent them. He demanded return of the money the Debtors paid March 14 plus an attorney fee. On April 16, 1990, the Debtors received a discharge in bankruptcy without their schedules ever having been amended to include the debt to the City. Discussions were had between the Debtors' attorney and the City's attorney, but without result and this adversary was filed July 23, 1990.

## ARGUMENTS AND ANALYSIS

Debtors' Motion for Summary Judgment can only be sustained if no genuine issue of material fact exists between the parties. The burden of proof is upon the Debtors, as movants, to show an issue of fact does not remain between the parties and that they win as a manner of law. The determination is based upon the Debtors' motion, the City's response, affidavits from both parties and other pleadings. Fed.R.

Bankr.P. 7056; Fed.R.Civ.P. 56, *Dillon v. Fibreboard Corp.*, 919 F.2d 1488, 1490, citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).

An examination of the aforementioned documents shows the only issue of fact, remaining in dispute, to be: Did the City receive sufficient notice of the bankruptcy? Competing affidavits, refuting the allegations of the opposing party on this point, have been filed. Both parties agree, however, that the City, via its supervisor, Thomas, received a telephone call March 8, 1990, from a caller, identifying himself as Debtors' attorney informing him that Debtors had filed bankruptcy. Because both parties agree such a telephone call was made, the question becomes whether the call is "sufficient" notice to the City. If so, its actions in regard to the Debtors would be a willful violation of the automatic stay requiring the Court to make a factual determination as to whether damages should be allowed.[1]

Where the facts are not in dispute, questions regarding the sufficiency of notice, violation of the stay, and willfulness are legal questions to be decided by the Court. Since the facts in regard to these matters are not in dispute, this matter is ready for summary judgment.

11 U.S.C. § 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title, ..." If a creditor violates the automatic stay without knowledge of the filing of the bankruptcy, it is merely a technical violation. Where the creditor violates the stay with knowledge of the bankruptcy, it is a willful violation. *See In re Locasico,* 77 B.R. 932 (Bankr.S.D.Fla.1987). In the present case, the City technically violated the stay for refusing to turn on service until its pre-bankruptcy debt was paid. The issue is whether this violation was willful and this depends upon whether the

---

1. 11 U.S.C. § 362(h)

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

telephone call by Debtors' attorney is sufficient notice of the bankruptcy filing.

■ Few cases address the issue of whether a telephone call is sufficient notice. In *General Motors Acceptance Corp. v. Miller*, 10 B.R. 74 (Bankr.S.D.Ohio 1981), the debtor filed for bankruptcy September 10, 1980. The creditor took possession of the collateral, a 1979 Buick, ten days later and gave notice to the debtor of repossession and redemption rights. A sale date was fixed as October 20, 1980. Nine days after repossession, the creditor received the official notice of bankruptcy filing and automatic stay.

After receiving court notice, the creditor immediately cancelled the sale. Debtor's wife testified she telephoned the creditor's office *before* the repossession to notify it of the bankruptcy. She neither recalled to whom she spoke at the creditor's office nor did she give the creditor the Chapter 13 case number. According to established office procedures, the creditor only heeded such calls if made by the debtor's attorney. No record of such a call from debtor's wife was ever found by the creditor's office. In addition, before repossession, attempts by the creditor to telephone the debtor were unsuccessful. Records show the debtor's telephone was disconnected or unlisted and on the day of repossession, the occupants of debtor's home refused to come to the door.

The court found the call from debtor's wife was "too tenuous to establish a duty to check the court records before taking action to seize the collateral. It is not unreasonable to believe that the attorney for the debtor should have handled the assertion of debtor's legal rights stemming from the Chapter 13 case. There should have been a concerted effort to contact the attorney for GMAC. Obviously, a failure to heed a vague telephone call did not put GMAC on sufficient notice of the specific court case to render action taken for protection of its collateral as a willful and flagrant violation of the automatic stay." *Miller*, 10 B.R. at 75.

The court further found the creditor's immediate cancellation of the impending sale of the collateral, upon receipt of official notice, refuted the allegation of "willful" disregard of the court's jurisdiction over the estate or the automatic stay. Another mitigating factor was the debtor's attorney's failure to pursue debtor's rights immediately after filing bankruptcy to avoid seizure of the collateral. The court, in balancing the equities of the case, did not require the creditor to pay damages, although the creditor was technically in violation of the stay.

In *In re Locasico, supra,* is slightly more on point. The debtor filed his Chapter 7 petition on June 9, 1987, at 2:51 p.m. and the debtor called the creditor the same day at 4:13 p.m. He advised the creditor of his filing for bankruptcy. The debtor produced as evidence a telephone bill reflecting a call to the creditor's number at the aforementioned date and time. Evidence from the creditor was given to show it did receive a telephone call from the debtors, but understood from the conversation that the debtor was going to file at a future date.

The court found it impossible to believe the debtor would call the creditor an hour after filing and advise the creditor he intended to file bankruptcy at some future time. The court found the creditor had knowledge of the filing on June 9 at 4:13 p.m. and that subsequent repossession of the collateral was a willful violation of the stay. The creditor was fined $10,000.00, but the court stated it could purge itself of contempt by delivering the collateral to debtor's residence within twenty-four hours.

In yet another case, *In re Fowler*, 16 B.R. 596 (Bankr.S.D.Ohio E.D.1981), the debtor filed Chapter 13 on January 27, 1981. On her schedules, she listed her creditor, but gave its address as "in care of" a collection agency to which her delinquent account had been referred. The Chapter 13 plan, paying one hundred percent, was confirmed March 30, 1981. In July and August of 1981, the Debtor received collection calls and letters. Al-

**652**

though the creditor had not received actual notice, the Court found it had received constructive notice through its agent, the collection agency. The creditor had acted without intent, but nevertheless was in technical violation of the stay. Because no evidence of *actual* damage to the debtor was presented and the nature of the violation, the Court found a damage award would be inappropriate.

■ In the present case, the Court finds that the telephone call from the Debtors' attorney, which the City admits receiving, was sufficient notice of the bankruptcy filing. A vague indefinite statement by the Debtors that they had filed bankruptcy, without giving the number of the case or where it was filed, would not be sufficient notice. However, a long distance telephone call by the Debtors' attorney, informing the creditor of the filing, would be sufficient notice. A creditor, at this point, has the duty to inquire of the Court Clerk as to the filing. When the City ignored the notice from the Debtors' attorney and extracted payment from the Debtors of their pre-bankruptcy debts before they would provide new service, they committed a willful violation of the automatic stay.

The refuge the automatic stay provides must be preserved. The significance of the stay as an important protection in the Bankruptcy Code is evidenced by the imposition of sanctions for willful violations. The Debtor's motion for summary judgment is granted. A hearing is to be scheduled upon the issue of damages, and attorneys fees.