In re Clarence L. KIRK, Leeanna Kirk, Debtors.

Clarence L. KIRK, Leeanna Kirk, Movants,

v.

SHAWMUT BANK a/k/a Fleet Bank, Respondent.

Bankruptcy No. 96–63217.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

June 27, 1996.

Kaaren Anderson Robinson, East Point, Georgia, for Movants.

Carl Howard, East Hartford, CT, Joe Mirmina, Hartford, CT, for Shawmut Bank.

Prabha Shinde, Fleet Bank of NY, Hartford, CT.

M. Regina Thomas, Trustee, Atlanta, GA.

## MEMORANDUM OF OPINION

MARGARET H. MURPHY, Bankruptcy Judge.

This memorandum of opinion supports the order entered contemporaneously herewith, which grants Debtors' motion for sanctions for violation of the automatic stay. Respondent failed to file a response to Debtors' motion and failed to appear at the hearing on Debtor's motion.

Respondent holds a purchase money security interest in Debtors' 1991 Toyota Corolla automobile (the "Vehicle"). On February 29, 1996, Respondent repossessed the Vehicle. Debtors filed this Chapter 13 case March 1, 1996.

Immediately and automatically, upon filing a bankruptcy petition, the automatic stay of 11 U.S.C. § 362(a) arises to protect debtors from attempts to collect debts. The automatic stay is designed to afford debtors "breathing space" to reorder their affairs, make peace with their creditors, and enjoy a clear field for future effort. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). The automatic stay is one of the most important provisions of the Bankruptcy Code and evidences that, upon the filing of a bankruptcy petition, all property of the estate is subject to the supervision of the bankruptcy court. The automatic stay is the linchpin of the relief provided by the Bankruptcy Code and, thus, it is incumbent upon the bankruptcy court to vindicate the application of the stay and to deter further violations.

Upon the commencement of a bankruptcy case, an estate is created. 11 U.S.C. § 541. The scope of the property which is included in the estate is broad, evidencing Congressional intent in the Bankruptcy Code to encourage reorganization and orderly liquidation. *U.S. v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Pursuant to 11 U.S.C. § 541, the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The automatic stay is designed to facilitate the *orderly* dis-

position of a debtor's property, as well as claims to it. The automatic stay is also designed to prevent the self-help, strong-arm tactics of creditors to which debtors may be subjected outside of bankruptcy.

■ An action taken in violation of the automatic stay is void. *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982). Additionally, a creditor who willfully violates the automatic stay may be sanctioned for such violation. 11 U.S.C. § 362(h).[1] A "willful violation" of the stay, as distinguished from a "technical violation," occurs when the creditor violates the stay with knowledge of the bankruptcy. *In re Coons,* 123 B.R. 649 (Bankr.N.D.Okla.1991) *citing, In re Locasico,* 77 B.R. 932 (Bankr.S.D.Fla. 1987); *In re Santa Rosa Truck Stop, Inc.,* 74 B.R. 641 (Bankr.N.D.Fla.1987). A willful violation does not necessarily require a specific subjective intent to violate the stay. Rather, a willful violation may be found if the creditor knew of the automatic stay and its actions were intentional. *In re Bloom,* 875 F.2d. 224 (9th Cir.1989).

■ When a creditor has actual knowledge that a debtor has filed a bankruptcy petition, the creditor has an affirmative duty to terminate or undo any action which violates the automatic stay.[2] Section 542 of the Bankruptcy Code requires an entity in possession of property of the estate to turn over such property to the debtor-in-possession.[3]

In the instant case, as soon as Respondent was notified of Debtors' bankruptcy petition, Respondent had a duty pursuant to 11 U.S.C. § 542 to return the Vehicle to Debtors. *Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309; *Leverette v. NCNB South Carolina,* 118 B.R. 407 (Bankr.D.S.C.1990); *Chrysler Credit Corp. v. Caldwell,* 81 B.R. 164 (Bankr. M.D.Ga.1988). After contact by Debtors' attorney, however, Respondent failed to return the Vehicle and failed to provide Debtors' attorney with the identity of Respondent's attorney. Debtors were, therefore, required to file an adversary complaint to obtain an order for the return of the Vehicle. Such an order was obtained without opposition from Respondent. Respondent failed to file an answer or response of any sort and failed to appear at the hearing on Debtors' complaint for turnover. Respondent likewise failed to respond to or appear at the hearing on Debtors' motion for sanctions. Respondent's conduct evidences Respondent's apparent disrespect for the provisions of the Bankruptcy

1. Section 362(h) provides, "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees and, in appropriate circumstances, may recover punitive damages."

2. Section 362 provides that a bankruptcy petition operates as a stay of the following actions:
   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
   (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
   (4) any act to create, perfect, or enforce any lien against property of the estate;
   (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
   (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
   (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

3. Section 542 provides:
   [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee [or, pursuant to 11 U.S.C. § 1303, a debtor in possession] may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the [debtor in possession] and account for, such property or the value of such property.

Code and for this court. Nevertheless, Debtors do not seek punitive damages but only compensatory damages in the amount of $500, which represents the attorneys fees incurred as a result of Respondent's recalcitrance. Debtors' motion for sanctions is granted by order and by judgment entered contemporaneously herewith.

IT IS SO ORDERED.