In re Kenneth S. SINGLEY, Debtor.

**Kenneth S. Singley and Velma Singley, Plaintiffs,**

v.

**American General Finance, Defendant.**

Bankruptcy No. 97–42600.

Adversary No. 98–04217A–JDW.

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

May 3, 1999.

---

R. Wade Gastin, Savannah, GA, for plaintiffs.

Mark Bulovic and Judson C. Hill, McCallar & Associates, Savannah, GA, for American General Finance.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion for Summary Judgment filed by American General Finance ("Movant") in response to a Complaint filed by Kenneth S. and Velma Singley charging that Movant violated the automatic stay contained in 11 U.S.C. § 362 and the co-debtor stay contained in 11 U.S.C. § 1301. This is a core matter within the meaning of 28 U.S.C. § 157(b)(1). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Kenneth S. Singley ("Debtor") filed a petition under Chapter 13 of the Bankruptcy Code on September 2, 1997. Movant is among Debtor's listed creditors. Velma Singley, a Honduran national, is Debtor's wife. She is a co-signor on the debt owed by Debtor to Movant. Mrs. Singley did not join her husband's bankruptcy case and has not filed a petition of her own.

As a result of Debtor's bankruptcy, Movant reported to the credit bureau that the joint account is involved in a Chapter 13 bankruptcy case. Subsequently, the following notation was added to the description of the American General Finance account on Mrs. Singley's credit report:

AS OF 10/01/97, THIS ACCOUNT IS INCLUDED IN OR COMPLETED THROUGH BANKRUPTCY CHAPTER 13. PREVIOUSLY WAS CURRENT AND ALL PAYMENTS WERE MADE ON TIME. MONTHS REVIEWED: 11.

Mrs. Singley became aware of this notation when she applied for, but was refused credit at three retail stores and one car dealership. Debtor and Mrs. Singley ("Plaintiffs") then filed this adversary against Movant alleging that Movant's report to the credit bureau was an effort to collect the debt from Mrs. Singley, in violation of the co-debtor stay contained in 11 U.S.C. § 1301, and Debtor, in violation of the automatic stay contained in 11 U.S.C. § 362. They have asked the Court to direct Movant to delete the notation on Mrs. Singley's credit report and award damages, including punitive damages. Movant has filed a motion for summary judgment asserting that truthful credit reporting does not violate section 1301, or in the alternative, the credit report is constitutionally protected free speech and any attempt to "stay" such speech is unconstitutional, and that neither Debtor nor Mrs. Singley suffered any injury as a result of Movant's conduct. Plaintiffs did not respond to Movant's motion.

### Conclusions of Law

■ 11 U.S.C. § 362 defines the automatic stay as it pertains to a debtor who has sought relief under the Bankruptcy Code. In addition to other prohibited creditor activities, it stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of" the bankruptcy case. 11 U.S.C.

§ 362(a)(6). The purpose of the automatic stay is twofold. First, it provides the bankrupt debtor "with relief from the pressure and harassment of creditors seeking to collect their claims," and second, it protects creditors by "preventing dismemberment of a debtor's assets by individual creditors levying on the property," thereby promoting the Code's goal of equality of distribution. 5 KING, COLLIER ON BANKRUPTCY, ¶ 362.03[1], p. 362–13 to – 14 (15th ed.1997).

Section 362 is limited to collection activities asserted against the bankrupt debtor. It does not stay collection activities directed at individuals who are liable on a listed debt with the debtor, but who have not sought the protection of the Bankruptcy Code. Thus, prior to 1978, creditors could pursue any such co-debtor to collect a listed debt. Often, these co-debtors would, in turn, exert pressure on the bankrupt debtor to pay the pre-petition debt, thereby frustrating the purpose of the automatic stay. To insulate bankrupt debtors from this indirect pressure from their creditors, Congress, in 1978, enacted the co-debtor stay contained in 11 U.S.C. § 1301(a). H.R.REP. No. 595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 6082–84.

Generally, the co-debtor stay of section 1301 prohibits creditors from acting "to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt." 11 U.S.C. § 1301(a). Thus, a creditor who attempts to collect a consumer debt from a co-debtor will be found to have violated the co-debtor stay (subject to certain exceptions not relevant to this motion). Further, if the creditor is seeking to collect the debt from the co-debtor with the intent of coercing or harassing the bankrupt debtor into paying the debt, the creditor may also have violated the section 362 automatic stay.

Turning to the motion before the Court now, even if it is true that Movant's report to the credit bureau contains truthful information that is a matter of public record, such a report, if made with the intent to harass or coerce a debtor and/or co-debtor into paying a pre-petition debt, could violate the automatic stays of sections 362 and/or 1301. *King v. World Omni Fin. Corp. (In re King)*, Chp. 13 Case No. 97–42598, Adv. No. 98–4009, slip op. at 4 (S.D.Ga. Sept. 9, 1998); *see also In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D.Ohio 1991) (finding that an adverse notation on co-debtors credit report constituted a section 1301 violation). The Court is unable to conclude, based on the facts presented by Movant as not being subject to a genuine dispute, that Movant did not act with the intent to collect the debt from Mrs. Singley and/or Debtor when it made the report to the credit bureau.

On motion for summary judgment, it is the movant's initial burden to inform the court "of the basis for its motion and [identify] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting FED.R.CIV.P. 56(c)). If the movant will not bear the burden of proof at trial, it can satisfy this obligation by demonstrating that the nonmovant has failed to sufficiently establish the existence of an element essential to its case, *id.* at 322–23, 106 S.Ct. at 2552, so that no reasonable juror could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, "if a party moving for summary judgment raises issues in his motion but then fails to provide any evidence showing a lack of any genuine issue of material fact with respect to those issues, the nonmoving party has no burden to respond with supporting evidence." *Thomson v. Idaho Ins. Agency*, 126 Idaho 527, 887 P.2d 1034, 1038 (1994); *see also Kelley v. Chevy Chase Bank (In re Smith)*,

231 B.R. 130 (Bankr.M.D.Ga.1999) (Walker, J.). On a motion for summary judgment, the court is required to draw all justifiable inferences from the facts in favor of the non-moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

■ Movant has not satisfied its obligation to demonstrate the absence of a genuine issue of material fact. As stated previously, Movant's intent in making the report to the credit bureau is material to deciding whether the report violated sections 362 and/or 1301. Movant *argues* in its brief that it did not make the report with the intent to collect the debt from Debtor or Mrs. Singley. But the only fact asserted by Movant as not being subject to a genuine dispute with regard to this element is the notation which was printed on Mrs. Singley's credit report, which Movant asserts is devoid of any indicia of intent to collect. This is not sufficient to satisfy Movant's burden. Drawing all justifiable inferences in favor of Plaintiffs, the Court finds that the notation could be found by a reasonable juror to have been made with the intent to collect the debt from Debtor and/or Mrs. Singley. Therefore, because the Court finds that a genuine issue exists as to whether the report was made with the intent to collect the pre-petition debt from Debtor and/or Mrs. Singley, it cannot render a summary judgment on the issue of whether Movant's conduct violated sections 362 and/or 1301.

■ Because the Court cannot determine whether Movant's conduct violated sections 362 and/or 1301, it does not reach the issue of constitutional law raised by Movant that its conduct was constitutionally protected free speech. Movant's motion urges this Court to dispose of this case by deciding that the report was speech protected by the First Amendment to the Constitution of the United States which cannot be restrained by the automatic stays. However, the Court must observe the deeply-rooted doctrine that federal courts should not decide questions of a constitutional nature unless absolutely necessary to a decision of the case. *Burton v. United States,* 196 U.S. 283, 295, 25 S.Ct. 243, 245, 49 L.Ed. 482 (1905); *see also Clinton v. Jones,* 520 U.S. 681, 690, 117 S.Ct. 1636, 1642, 137 L.Ed.2d 945 (1997) (recognizing that this doctrine of avoidance applies to the entire Federal Judiciary, not just to the Supreme Court). If the Court finds at trial that Movant's conduct did not violate the automatic stays of sections 362 or 1301, it will have no occasion to decide the constitutional question. Therefore, while the Court understands the constitutional implications in this case, it would be imprudent for it to address those issues now, especially as they are posed to the Court in a hypothetical context.

■ Finally, Movant asserts that summary judgment is appropriate because Plaintiffs suffered no injury as a result of its conduct. Initially, Movant has failed to demonstrate that there is no genuine issue of material fact as to this issue as well. Movant *speculates* that Mrs. Singley was denied credit, not because of the credit report notation, but for other reasons such as Debtor's bankruptcy case or Mrs. Singley's conditional right to work and live in the United States status as a Honduran national. However, Movant has alleged no facts that would allow this Court to determine that was in fact the reason for the denials. Speculation does not satisfy a Movant's burden on summary judgment. The Court further recognizes that attorney fees are recoverable as damages under section 362(h) for a willful violation of the automatic stay even if the debtor has suffered no other compensable harm.[1] *In re Robinson,* 228 B.R. 75, 85 (Bankr.E.D.N.Y. 1998) (awarding attorney fees under section 362(h) after finding the debtor suffered no compensable injury); *see also*

1. Unlike section 362, section 1301 contains no provision for awarding damages. Therefore, any damages award would have to result from a finding that Movant wilfully violated section 362.

*Kirk v. Shawmut Bank (In re Kirk)*, 199 B.R. 70, 73 (Bankr.N.D.Ga.1996) (awarding attorney fees under section 362(h) as the only compensatory damages resulting from the creditor's violation of section 362). Furthermore, in addition to damages, Plaintiffs have asked the Court to use its equitable powers to direct Movant to remove the notation from Mrs. Singley's credit report. Thus, even if Plaintiffs fail to prove they are entitled to recover actual damages under section 362(h), they are not necessarily without a remedy. For these reasons, Movant's motion for summary judgment is denied.