In re Kenneth S. SINGLEY, Debtor.

Kenneth S. Singley and Velma
Singley, Plaintiffs,

v.

American General Finance, Defendants.

Bankruptcy No. 97–42600.
Adversary No. 98–04217A–JDW.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

June 21, 1999.

R. Wade Gastin, Savannah, GA, for Plaintiffs.

Mark Bulovic and Judson C. Hill, McCallar & Associates, Savannah, GA, for American General Finance.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion for Reconsideration by American General Finance ("Movant"). The subject Order entered on May 3, 1999 denied Movant's Motion for Summary Judgment filed in response to a Complaint filed by Kenneth S. and Velma Singley ("Plaintiffs") charging that Movant violated the automatic stay contained in 11 U.S.C. § 362 and the co-debtor stay contained in 11 U.S.C. § 1301. The Court's determination of that motion was a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). Reconsideration of that Order is, likewise, a core matter within the meaning of that section. The findings of fact set out in the May 3, 1999 Order are adopted for the purpose of this Order.

In its motion, Movant asks this Court to reconsider its denial of the motion for summary judgment. Movant asserts that the Court erred 1) in concluding that Movant's conduct constitutes a violation of sections 362 and/or 1301, and 2) in refusing to decide the Constitutional question raised in the motion.

■ Movant's first allegation of error results from its misunderstanding of this Court's findings in the May 3, 1999 Order. Movant asserts that the Court decided the constitutional question by finding that "truthful information that is a matter of public record, ... if made with the intent to harass or coerce a debtor and/or co-debtor into paying a pre-petition debt, could violate the automatic stays of section 362 and/or 1301." *Singley v. American Gen. Fin. (In re Singley)*, 233 B.R. 170, 173 (Bankr.S.D.Ga.1999). In saying this, the Court did not decide the constitutional question. The Court was merely noting that truthful information that is a matter of public record, if made with the intent to collect a pre-petition debt, could come within the purview of the conduct sought to be prohibited by sections 362 and 1301. However, the Court did not decide whether those prohibitions must yield to the overriding protections afforded the creditor by the First Amendment to the Constitution of the United States.

■ This leads the Court to address Movant's second allegation of error and again explain why it did not decide the Constitutional question. It is true, as Movant points out in its Motion for Reconsideration, that Rule 56 encourages courts to dispose of litigation at the summary judgment stage when there is no genuine dispute as to any material fact which would necessitate a trial. In reaching this end, courts are permitted to make certain assumptions in order "to secure the just, speedy and inexpensive determination of every action." FED.R.CIV.P. 1. For example, in a preference action, a court may construct the hypothetical that the trustee could satisfy all of the elements of section 547(b), even when a question of material fact remains as to one or more of the elements, if the court could conclude as a matter of law that the defendant would prevail anyway in an asserted affirmative defense. Granting summary judgment to the defendant on the affirmative defense dispenses with the necessity of having to go to trial and allow the trustee to prove the preference just to have the defendant prevail on its affirmative defense.

■ But this is an instance where construction of such a hypothetical is not permitted, even when refusing to do so may protract the course of litigation. The Supreme Court is very clear when it states:

" 'If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable.' *Spector Motor Service v. McLaughlin,* 323 U.S. 101, 105 [65 S.Ct. 152, 154, 89 L.Ed. 101 (1944)]. It has long been the Court's 'considered practice not to decide abstract, *hypothetical* or *contingent* questions ... or to decide any constitutional question *in advance* of the necessity for its decision ....' *Alabama State Federation of Labor v. McAdory,* 325 U.S. 450, 461 [65 S.Ct. 1384, 1389–1390, 89 L.Ed. 1725 (1945)]. 'It is not the habit of the court to decide questions of a constitutional nature unless *absolutely necessary* to a decision of the case.' *Burton v. United States,* 196 U.S. 283, 295 [25 S.Ct. 243, 245, 49 L.Ed. 482 (1905)]." *Rescue Army v. Municipal Court of Los Angeles,* 331 U.S. 549, 570, n. 34, 67 S.Ct. 1409, 1420, n. 34, 91 L.Ed. 1666 (1947).

*Clinton v. Jones,* 520 U.S. 681, 690, n. 11, 117 S.Ct. 1636, 1642, 137 L.Ed.2d 945 (1997) (emphasis added). The Supreme Court has also made clear that this doctrine of avoidance applies to the entire Federal Judiciary, not just the Supreme Court. *Id.*

Contrary to Movant's assertion, this deeply rooted doctrine of avoidance does not yield to the Federal Rules of Civil Procedure. In *Meinhold v. United States Dep't of Defense,* 34 F.3d 1469, 1472 (1994), the Ninth Circuit was faced with an appeal from a summary judgment that the defendant had violated the Equal Protection Clause of the Fifth Amendment. In that case, the plaintiff had an estoppel claim in addition to the equal protection claim. *Id.* But the district court found that triable issues of material fact remained on the estoppel claim while the Fifth Amendment claim could be decided summarily. *Id.* at 1474. The Ninth Circuit, citing the doctrine of avoidance, stated:

It is clear that the nonconstitutional claims should have been decided first.

*New York City Transit Auth. v. Beazer,* 440 U.S. 568, 582, 99 S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1979).... We are not persuaded by [Plaintiff's] argument that there should be an exception simply because the constitutional claim could be resolved summarily whereas the nonconstitutional claim could not be. *See Spector Motor Serv. v. McLaughlin,* 323 U.S. 101, 105–06, 65 S.Ct. 152, 154–55, 89 L.Ed. 101 (1944). In any event, the district court gave no such reason, but simply passed over the nonconstitutional claim. It was *error* to do so.

*Meinhold,* 34 F.3d at 1474 (emphasis added). In this case, deciding that the First Amendment protects Movant's conduct from the prohibitions of sections 362 and/or 1301 is contingent upon first finding that such conduct was even prohibited by those sections. Thus, understanding that it would be error to do so, this Court will not construct the "hypothetical" that Movant's conduct is prohibited by sections 362 and/or 1301 in order to decide the constitutional question that is "contingent" upon such a finding. Movant's motion for reconsideration is denied.

An order in accordance with this opinion will be entered on this date.