In re Tiffany Pippins EGER, Debtor.

Kim D. Eger, Plaintiff,

v.

Tiffany Pippins Eger, Defendant.

Bankruptcy No. 12–75132–MHM.
Adversary No. 13–5127.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Signed Feb. 3, 2014.

Mark O. Shriver, Woodstock, GA, for Plaintiff.

E. Benson Chambers, Bray & Johnson, Canton, GA, for Defendant.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

On January 31, 2014, Defendant filed a *Notice of Bankruptcy,* indicating that Defendant filed a Chapter 13 petition January 31, 2014 (the "New Petition"), initiating Case No. 14–51982 (Doc. No. 31) (the "Notice"). The Notice "suggests that this action has been stayed by the operation of 11 U.S.C. § 362."

The instant proceeding stems from Defendant's case under Chapter 7 of the Bankruptcy Code, Case No. 12–75132–MHM, which commenced when Defendant filed a Chapter 7 petition October 4, 2012. Defendant received a discharge in that case March 28, 2013. This proceeding was initiated March 28, 2013, seeking a determination that Defendant's debts to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(15).

"The automatic stay does not apply to proceedings against the debtor that arise in the same bankruptcy court where the debtor's bankruptcy case is pending." *In re Red Rock Services Co., LLC,* 480 B.R. 576, 616 (Bankr.E.D.Pa.2012) (citing *Civic Center Square, Inc. v. Ford (In re Roxford Foods, Inc.),* 12 F.3d 875, 878 (9th Cir.1993)); *See, also, In re Mile4 Automotive, Inc.,* 2009 WL 2986699 at *1 (Bankr. D.Md. Sept. 15, 2009); *In re Sims,* 278 B.R. 457, 471 (Bankr.E.D.Tenn.2002); *In re Layne,* 2000 WL 33943200 at *7 (Bankr. S.D.Ga. Sept. 22, 2000) (J. Dalis); *In re Parrin,* 233 B.R. 176, 1998 WL 893155 at

*1–2 (10th Cir. BAP 1998); *Matter of Redburn*, 193 B.R. 249, fn. 17 (Bankr. W.D.Mich.1996); *Sears, Roebuck & Co. v. Hodges (In re Hodges)*, 83 B.R. 25, 26 (Bankr.N.D.Cal.1988) ("As a matter of law ... a nondischargeability action can never violate the automatic stay."). Defendant has not pointed to any authority to support her contention that this proceeding should be stayed.

Plaintiff could, without question, file a complaint in Defendant's new case without violating the automatic stay; however, it does not serve judicial economy or the purposes of § 523(a) to force Plaintiff to do so. Accordingly, it is hereby

ORDERED that this proceeding is *not stayed* by Defendant's filing of the New Petition. This proceeding will proceed to trial February 5, 2014, as scheduled.

IT IS SO ORDERED.