**In re Phillip PARKS, Individually and d/b/a Parks Enterprises, Debtor.**

**Robert CONKLING, Plaintiff,**

**v.**

**Attorney Leon J. DeBERNARDIS, Trustee in Bankruptcy, and Phillip Parks, Debtor, Defendants.**

**Bankruptcy No. 83–00805.
Adv. Pro. No. 83–0181.**

United States Bankruptcy Court, N.D. New York.

May 18, 1984.

Carl G. Scalise, Herkimer, N.Y., for plaintiff.

Stephen D. Gerling, Utica, N.Y., for defendant-debtor.

Leon J. De Bernardis, Utica, N.Y., defendant-trustee.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

Plaintiff seeks to have declared nondischargeable a debt to Plaintiff which the Defendant-debtor included in his schedules in the sum of $10,000.00. Debtor's petition was filed July 12, 1983.

On August 25, 1980 and for a period of time prior thereto, the Debtor was engaged in the used car sales business in the Village of Herkimer, New York. The Plaintiff was a friend of the Debtor and was accustomed to spending considerable time in and about the business premises of the Debtor. In August of 1980, the Debtor informed Plaintiff that he knew of three automobiles in the City of Syracuse which could be purchased for $10,500.00 on which a good profit could be made. Plaintiff agreed to advance to the Debtor the sum of $10,500.00 for the purpose of purchasing the said three automobiles. The vehicles were, in fact, purchased and sold and the Debtor promptly paid to the Plaintiff the profit made on the automobiles. Up to this point, there is no dispute in the evidence.

The Plaintiff contends that thereafter he demanded the return of his $10,500.00, which the Debtor failed and refused to pay. The Debtor, on the other hand, contends that he and the Plaintiff agreed to roll over the money for the purpose of purchasing other automobiles on which they could split a profit. The Debtor testified that from August of 1980 until some time in early 1982, he continued to buy and sell automobiles on which the profit was split and a total of $4,500.00 in addition to the profit on the first three vehicles, was delivered to the Plaintiff. This is uncontradicted in the proof. The Debtor also contends that the Plaintiff advanced him other sums of money for the same purpose which were repaid to the Plaintiff. The Debtor concedes that he owes the Plaintiff the sum of $10,000.00, representing the balance of the original advance of $10,500.00, less a payment of $500.00 towards said advance. He calls it a loan, however, and not money advanced for a joint venture, as alleged in the complaint of the Plaintiff.

The evidence would seem to support the contentions of the Debtor:

1. Plaintiff's Exhibit 1 which purports to be a memorandum of the transaction in August of 1980, specifically refers to the transaction as a loan. It reads as follows:

"To whom it may concern

Robert Conklin agrees to loan Phillip Parks D.B.A. Parks Enterprises $10,500 for the purchase of (3) 1979 Wagons. (The three vehicles are here described) These three vehicles will be purchased from Red Cross Syracuse New York. It is agreed that Robert Conklin and Phillip Parks will share equally the profits from the sale of the three mentioned vehicles.

/s/ Phillip Parks"

2. Although the Plaintiff contends that he demanded the return of his money, he permitted over two years to elapse before taking any action to collect same. In fact, he took no affirmative steps to seek repayment in the form of a writing, either from himself or representatives, demanding the return of the money.

3. During the two years in question, he attended several motor vehicle auctions

with the Debtor at which he admits he was merely a driver.

4. All the sales of the vehicles involved were entered in the registry book of the Debtor, who was a licensed automobile dealer, operating as a sole proprietorship.

5. Plaintiff and Defendant-debtor were friends, having known each other for seven to eight years.

6. Plaintiff permitted the Debtor to buy and sell other automobiles beside the first three mentioned vehicles without formal objection and accepted the profits therefrom to the extent of $4,500.00.[1]

The Plaintiff's complaint sounds in conversion and although the complaint does not set forth a specific section or paragraph of the Code, which it is claimed that the Debtor violated, the Court will assume that it is addressed to 11 U.S.C. § 523(a)(6), which provides for nondischargeability with respect to debts which are "for willful and malicious injury by the debtor to another entity or to the property of another entity."

The only allegation in Plaintiff's complaint relates to the transaction in which three cars were purchased from Syracuse Red Cross. There is no reference to any other violation of 11 U.S.C. § 523(a).

It is horn-book law, of course, that before a plaintiff may recover in a dischargeability suit, he must prove that the debtor intended to deceive him in connection with the transaction involved. Here the Plaintiff asks the Court to infer that in August 1980 the Debtor intended to defraud him when he took the $10,500.00. The evidence as indicated above, does not support this contention.

■ Although the Plaintiff also introduced evidence concerning an alleged fraudulent transaction whereby the Debtor transferred his real estate to his wife and retained title temporarily to a vehicle which he purchased in behalf of the Plaintiff, these allegations are not relevant to a

charge under 11 U.S.C. § 523(a)(6). In fact, the deed transfer in question occurred long after the transaction of August 1980 and cannot be used as evidence of the Debtor's intent in connection with the transaction involving the $10,500.00. The same applies to the automobile transaction. If there are other charges of fraud against the Debtor, these may be further pursued if they are not outlawed. The Court must conclude, therefore, that the Plaintiff has not shown by clear and convincing evidence that the Debtor intended to deceive; that the transfer of the $10,500.00 was none other than a loan and that the Plaintiff is an unsecured creditor.

■ The pleadings further indicate that the Trustee was made a party defendant. He is not a proper party and the adversary proceeding as to him should be dismissed.

By reason of the aforesaid, it is

ORDERED that the complaint of the Plaintiff against the Debtor, Phillip Parks and the Trustee, Leon J. DeBernardis, be and the same is hereby dismissed.

---

1. The Plaintiff testified that he asked for and demanded his money back many times. However, the Court cannot accept this as credible testimony when he did nothing affirmatively to collect his money, attended auto auctions with the Debtor and in fact, loaned him further sums to allow Debtor to participate in other purchases of automobiles in connection with which he received the profits from the sales and the return of his money.