An order in accordance with this opinion will be entered on this date.

**In re David Dwayne SMITH, Debtor.**

**Walter W. Kelley, Trustee, Plaintiff,**

**v.**

**Chevy Chase Bank, Defendant.**

**Bankruptcy No. 97–11019–JDW.**
**Adversary No. 98–1013**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Feb. 16, 1999.

Thomas D. Lovett, Albany, Georgia, for Chapter 7 Trustee.

Molly L. McCollum, Macon, Georgia, for defendant.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion for Summary Judgment filed by Walter W. Kelley, Chapter 7 Trustee ("Trustee") of David Dwayne Smith's ("Debtor") bankruptcy estate. Trustee seeks to avoid the transfer of a lien by Debtor to Chevy Chase Bank ("Bank") as a preference and recover a $10,232.00 payment received by Bank in satisfaction of that lien. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

The undisputed facts in this case are as follows: On May 31, 1997, Debtor purchased and obtained possession of a 1997 Ford Ranger pickup truck for $13,255.00. Debtor made a down payment of $2,892.18 and signed a retail installment contract which created a security interest in the truck in favor of the seller to secure the unpaid balance of the purchase price. Seller assigned this contract and security interest to Bank. On July 11, 1997, the Sumter County tag agent received Bank's application for a certificate of title for the truck. On August 13, 1997, Debtor sought relief from his debts under Chapter 7 of the Bankruptcy Code. In December 1997, Debtor traded the 1997 Ford Ranger toward the purchase of another vehicle at Southwestern Ford. Southwestern Ford sent Bank the $10,232.00 balance due on the truck in satisfaction of its lien. Trustee now seeks to have this Court render a

summary judgment that Debtor's transfer of the lien to Bank constituted a preferential transfer under 11 U.S.C. § 547 entitling Trustee to recover on behalf of Debtor's estate the $10,232.00 payment under 11 U.S.C. § 550(a). For the following reasons, Trustee's motion is denied.

### Conclusions of Law

To prevail on a motion for summary judgment, the movant must show that there is no genuine issue as to any material fact, and that he is entitled to judgment based on those material facts not subject to genuine dispute. FED.R.CIV.P. 56(c). A fact is material if it may affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In this case, the governing substantive law is contained in sections 547 and 550 of the Bankruptcy Code. Therefore, to prevail in this case, Trustee must allege all of the facts necessary for him to prevail under those sections are not subject to any genuine dispute. If Bank is able to show that a fact necessary for Trustee to prevail is not alleged or is subject to a genuine dispute, Trustee's motion fails. Because the court's function on a motion for summary judgment is not to try facts, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247, 106 S.Ct. at 2510.

Rule 56 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. Local Bankruptcy Rule 7056-1 for the United States Bankruptcy Court of the Middle District of Georgia helps facilitate the Court's determination of whether a motion for summary judgment should be granted. It does so by requiring that the movant, upon filing the motion for summary judgment, "file a separate, short, and concise statement of the uncontested facts as to which the movant contends there is no genuine issue to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions, and affidavits that support such contention." LBR 7056-1(a). This statement is necessary for three reasons: First, it contains all of the facts that the movant must allege are not subject to a genuine dispute in order to prevail on its motion. If the statement does not contain all of the necessary facts, the motion fails. Second, the specific references prevent the Court from having to wade unguided through all of the minutia of evidence commonly submitted with such motions in search of support for what the movant claims are the undisputed facts in the case. Finally, the statement serves to notify the party opposing the motion as to what facts are claimed not subject to a genuine dispute so that the nonmoving party can consider whether a dispute exists. If the movant fails to comply with LBR 7056-1(a), the motion for summary judgment may be denied. LBR 7056-1(d).

Once the movant has submitted the statement of uncontested facts with its motion for summary judgment, the party opposing the motion must submit a response to the statement of uncontested facts. This is a "separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits that support such contentions." LBR 7056-1(b). This statement is necessary so that the Court can determine which facts are disputed and whether the dispute is genuine. Any facts contained in movant's statement not controverted by this statement may be deemed admitted by the nonmoving party. LBR 7056-1(c). Further, because a dispute is genuine only if a reasonable jury could find for the nonmovant, a mere assertion in the nonmovant's statement that the facts as stated by the movant are disputed, with nothing more, does not qualify as a genuine dispute, and therefore, those facts may be deemed admitted by the nonmoving party.

Having set forth the standard for summary judgment and the procedure the parties must follow when making and responding to such a motion, the Court now turns its attention to the motion for and response against summary judgment in this case. Rather than filing a statement of the undisputed facts separate from the motion as

required by LBR 7056–1, Trustee submitted a motion which contained, as a part of the motion, a section entitled, "Statement of Uncontested Facts." In this section, Trustee includes a brief narrative of facts which he contends are not subject to a genuine dispute. Trustee refers to paragraphs in his complaint which were admitted by Bank and copies of DMV records attached to his brief as support for the narrative of facts. Though not in the form required by LBR 7056–1(a), the Court declines to exercise its discretion under LBR 7056–1(d) to deny Trustee's motion because its form sufficiently informed the Court of what facts were alleged to be undisputed and pointed the Court to the documents that support the factual propositions. Next, the Court considers Bank's response to determine whether any of the facts alleged by Trustee are disputed. Again, the Court finds that LBR 7056–1 was not followed. Instead of filing a separate statement of material facts as to which Bank contends there is a genuine dispute, Bank simply filed a two page response in which is contained one sentence in which Bank admits to admitting the cited paragraphs of Trustee's complaint as alleged by Trustee in his motion, and another sentence in which Bank "denies the allegations contained in paragraph two of Trustee's motion"—the allegations contained in the DMV records. As stated previously, a mere assertion that certain facts alleged by the moving party are disputed without providing specific facts demonstrating the dispute does not establish a genuine dispute. Therefore, Bank will be deemed to have admitted the facts established by the DMV records attached to Trustee's motion as well.

■ However, despite the fact that Bank is deemed to have admitted all of the facts alleged in Trustee's statement of uncontested facts, the Court finds that Trustee's motion for summary judgment must be denied. It is the movant's burden to allege *all* of the facts necessary for him to prevail under the governing substantive law, and Trustee has failed to do so.

11 U.S.C. § 547 governs preference avoidance actions. That section provides, in pertinent part, as follows:

(b) Except as provided in subsection (c) [1] of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

*Id.* § 547(b) (footnote added). Trustee contends that a preferential transfer occurred on July 11, 1997, the date Bank's security interest in the unpaid balance of the purchase price of the 1997 Ford Ranger was perfected. *See* O.C.G.A. § 40–3–50(b). However, the Court is unable to find that this transfer was preferential based on Trustee's statement of undisputed facts. Even if Trustee's assertion that the first four subsections of section 547(b) are satisfied is true, his motion fails because he failed to state facts necessary for the Court to find that subsection (5) is satisfied—i.e., that the transfer enabled Bank to receive more than he would have received in a hypothetical Chapter 7 case if the transfer had not occurred.

■ The test for satisfying section 547(b)(5) has been stated as follows: "Unless

---

1. Subsection (c) contains exceptions, which if satisfied, prevent the avoidance of the transfer.

Bank raised none of these exceptions as a defense to Trustee's motion.

the [debtor's] assets are sufficient to provide in liquidation a one hundred percent distribution to the unsecured creditors, any creditor holding an unsecured claim who received a partial payment during the preference period is in a position to receive more than he would have in a Chapter 7 liquidation." *Sweetapple Plastics, Inc. v. Philip Shuman & Sons, Inc. (In re Sweetapple Plastics, Inc.)*, 77 B.R. 304, 311 (Bankr.M.D.Ga.1987) (Hershner, J.) (citing *Utility Stationery Stores, Inc. v. American Portfolio (In re Utility Stationery Stores, Inc.)*, 12 B.R. 170, 179 (Bankr.N.D.Ill. 1981)). In order to determine whether this test has been satisfied, the Court must, at a minimum, have facts which establish Debtor's total assets and liabilities. Nowhere in Trustee's statement of undisputed facts are these facts stated. It is not until the portion of Trustee's argument addressing section 547(b)(5) that Trustee first asserts that Debtor's liabilities exceeded his assets at the time the transfer occurred. While the Court might comb through the schedules to find support for these assertions, it would be improper for it to do so. In deciding whether the movant has met his burden in establishing that he is entitled to summary judgment the Court is limited to a consideration of the material facts which are determined not to be subject to a genuine dispute based on the movant's statement of undisputed facts and the nonmovant's response to that statement. Here, Trustee's statement of undisputed facts comes up short of establishing that a preferential transfer occurred.

In his argument, Trustee notes that in *Sweetapple* Judge Hershner stated that a court can take judicial notice of the debtor's case files to determine whether section 547(b)(5) is satisfied. 77 B.R. at 310 n. 14. Rule 201 of the Federal Rules of Evidence governs a court's taking judicial notice of adjudicative facts. That rule provides, in pertinent part, as follows:

**(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(c) When discretionary.** A court may take judicial notice, whether requested or not.

**(d) When mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

**(e) Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

**(f) Time of taking notice.** Judicial notice may be taken at any stage of the proceeding.

FED.R.EVID. 201. The purpose of judicial notice is to relieve a party from having to formally present evidence to prove a fact which is "outside the area of reasonable controversy." *Id.* advisory committee's note. Because the safeguard of requiring proof of an asserted fact is removed, judicial notice is only proper when the asserted fact has a "high degree of indisputability." *Id.* Another safeguard provided by the rule is that the party adversely affected by the court's taking judicial notice must have an opportunity to be heard as to the propriety of that action.

To ensure that these safeguards are adhered to, the procedure normally followed before the court takes judicial notice is 1) a party requests that the court take judicial notice of a particular fact, 2) the court determines whether the fact is of the kind described in FRE 201(b), 3) the court notifies the parties that it is contemplating taking judicial notice of the fact, and 4) the party adversely affected by such action is given the opportunity to object. However, when the request that the court take judicial notice is contained in a motion for summary judgment the procedure as stated above cannot be followed. But this does not relieve the court from having to ensure that the fact is one with a high degree of indisputability and that the adversely affected party has an opportunity to be heard. The only way to ensure these safeguards are in place in a motion for summary judgment is to require the party who is requesting the court take judicial

notice of a fact state *in his statement of uncontested facts* 1) the fact that he considers to have a high degree of indisputability and 2) the request that the court take judicial notice of that fact. It is necessary that the fact and request be stated in the statement of uncontested facts for two previously stated reasons: First, it is there that the movant must allege all facts necessary to prevail under the governing substantive law; and second, it is these facts which the nonmovant must contest as disputed if a genuine dispute exists.

■ The Court is aware that authority exists for taking judicial notice of a debtor's schedules to determine whether section 547(b)(5) has been satisfied—even when the record on the motion for summary judgment is "barren of evidence supporting or opposing" the fact that the defendant received more by the transfer than it would have received in a Chapter 7 liquidation if the transfer had not occurred. *See e.g. Corporate Food Management v. Suffolk Community College (In re Corporate Food Management)*, 223 B.R. 635, 646 (Bankr.E.D.N.Y. 1998). However, the Court declines to follow such authority. Initially, for the reasons already stated, it is not the duty of the court to comb through the materials submitted with a motion for summary judgment to find facts, which the movant failed to allege, that might prove an unsupported element of the movant's case. It is Trustee's burden to allege all of these necessary facts in his statement of uncontested facts, and he failed to do so. Further, taking judicial notice on the Court's own initiative would complicate Bank's right to challenge the indisputability of the fact. Bank was required to dispute any fact contained in Trustee's statement of uncontested facts if a genuine dispute existed. Trustee's statement of uncontested facts contains no assertion that unsecured creditors would not receive a one hundred percent distribution in a Chapter 7 case or a request that the Court take judicial notice of Debtor's schedules. Therefore, Bank had no such fact or request to dispute. If the Court took judicial notice of Debtor's schedules, it would do so without the assurance that the information contained in them was of a high degree of indisputability and without having afforded Bank the opportunity to raise such a dispute. Because granting a motion for summary judgment would be a final adjudication of the case, Bank would be fully deprived in this proceeding of the opportunity to dispute the propriety of the Court's decision to take judicial notice of the schedules.[2]

The Court's concern is amplified by the fact that in its answer to Trustee's original complaint, Bank denied the paragraph in which Trustee asserted that section 547(b)(5) was satisfied, and further, Bank demanded strict proof of that assertion.[3] The Court has no way of knowing whether Bank would have offered evidence to raise a genuine dispute of that fact in its response to Trustee's statement of uncontested facts had Trustee alleged that this fact was not subject to a genuine dispute. For these reasons, the Court will not, on its own initiative, take judicial notice of Debtor's schedules as proof that section 547(b)(5) is satisfied.

Because the Court cannot determine whether a preferential transfer occurred based on the facts before it now, it is also unable to conclude that Trustee is entitled to recover the $10,232.00 payment under section

**2.** A curious feature of Rule 201 is the possibility that a court might take judicial notice of a fact without informing the parties. While the rule, plainly read, might allow for that possibility, the advisory committee notes engraft a common sense caveat to the rule which requires that a party never be denied a requested opportunity to be heard, even if that opportunity must come after the court makes its finding based in whole or in part on the judicially notice fact. *See* Fed.R.Evid 201 advisory committee's note ("And in the absence of advance notice, a request made after the fact could not in fairness be considered untimely."). If judicial notice were taken in this case to reach the conclusion urged by Trustee, Bank could rightly assert its opportunity to be heard on the Court's taking such judicial notice. This objection might come, if the notice were taken in this case, after entry of the final order granting summary judgment to Trustee. Common sense urges that the rule should not be read so as to cause this result, but should instead be read in the manner specified in this opinion—that is, to require a formal request for judicial notice in the statement of undisputed facts.

**3.** This paragraph was not one of those cited in Trustee's statement of uncontested facts.

550(a). Therefore, Trustee's motion for summary judgment is denied. This denial is without prejudice so that Trustee is free to re-file his motion for summary judgment within twenty days of the date of this order.

An order in accordance with this opinion will be entered on this date.

### ORDER

In accordance with the memorandum opinion entered on this date, it is hereby

ORDERED that the Trustee's motion for summary judgment is DENIED; and it is hereby further

ORDERED that this denial of Trustee's motion for summary judgment is WITHOUT PREJUDICE such that Trustee may re-file the motion within twenty days following the entry of this order.