**In re Kyle M. CARTER, Laura K. Carter, Debtors.**

**Mary Jane Cardwell, Chapter 7 Trustee, Plaintiff,**

**v.**

**Gilman United Federal Credit Union, now known as United 1st Federal Credit Union, Defendant.**

**Bankruptcy No. 01–50187–JDW.**
**Adversary No. 01–05039–JDW.**

United States Bankruptcy Court, S.D. Georgia, Waycross Division.

Jan. 28, 2002.

Mary Jane Cardwell, Waycross, GA, for Plaintiff.

James E. Stein, St. Marys, GA, for Defendant.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Plaintiff, Chapter 7 Trustee Mary Jane Cardwell's, Motion for Summary Judgment. Trustee seeks to avoid the security interest on Debtors' motor vehicles as preferential transfers and to recover the vehicles or the proceeds from the sale of the vehicles. Defendant, Gilman United Federal Credit Union, n/k/a United 1st Federal Credit Union, seeks to have its claim declared nondischargeable. This is a core matter within the meaning of 28 U.S.C. §§ 157(b)(2)(F) and (I). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following decision in accordance with Federal Rule of Bankruptcy Procedure 7052.[1]

### Background

Trustee, the movant in this case, submitted a statement of undisputed facts. Defendant did not serve a statement controverting those facts nor did its response brief controvert Trustee's facts. Therefore, Defendant is deemed to admit the facts submitted by Trustee.[2] Debtors, Kyle and Laura Carter, entered into two

---

1. Summary judgment involves no findings of fact; rather it involves a legal conclusion as to whether or not a genuine dispute of material fact exists. *Gray v. Manklow (In re Optical Tech., Inc.)*, 246 F.3d 1332, 1335 (11th Cir. 2001) (citing *Rosen v. Bezner*, 996 F.2d 1527, 1530 n. 2 (3d Cir.1993)). *See also* FED. R. CIV. P. 52(a); FED R. BANKR. P. 7052 ("Find-ings of fact ... are unnecessary on decisions of motions under Rule 12 or 56 ....").

2. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." S.D. Ga. L.R. 56.1.

loan transactions with Defendant on January 3, 2001, in which they pledged two vehicles-a 1997 Toyota Tacoma and a 1997 Ford Explorer-to Defendant as collateral for the loans. Debtors obtained the loans to pay off another loan secured by the two vehicles with another lender. The lender receiving the payoff employed Debtor Laura Carter. Debtors filed a Chapter 13 bankruptcy petition on February 1, 2001, less than 90 days after the parties entered into the loan. They converted the case from Chapter 13 to Chapter 7 on August 7, 2001.

Defendant applied for title on the Explorer on February 15, 2001, and applied for the title on the Tacoma on March 9, 2001. Both applications were made more than 20 days after the date of the loan, and both were made subsequent to Debtors' bankruptcy filing. Defendant has conceded that, as a result of the delay in application for title, neither lien was perfected under Georgia law at the time Debtors filed their bankruptcy petition.[3]

Trustee filed a complaint challenging both liens. Defendant filed a counterclaim seeking to have its claim exempted from the bankruptcy proceedings, which the Court interprets as a request to have its claim determined to be nondischargeable. Trustee filed a motion for summary judgment on her complaint and on Defendant's counterclaim on November 16, 2001.

### Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to bankruptcy through Bankruptcy Rule of Procedure 7056. Under Rule 56 a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Court views all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1277 (11th Cir.2001). However, the Court neither weighs the evidence nor determines its credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). As indicated *supra*, the facts in this case are undisputed. Therefore, the Court must determine whether, based on those facts, Trustee is entitled to judgment as a matter of law.

Prior to conversion of Debtors' Chapter 13 case to Chapter 7, the Court approved two consent orders affecting Defendant's claim. By Order of April 5, 2001, Defendant was "granted permission to take possession of and permission to sell the 1997 Ford Explorer," and Defendant was "entitled to file a claim for any deficiency existing after disposition of the Collateral." By Order of July 10, 2001, "Debtors agree[d] to pay Gilman United Federal Credit Union as fully secured on the claim for the 1997 Toyota Tacoma." Both orders were signed by the Chapter 13 Trustee. However, neither order prevents the Chapter 7 Trustee from asserting an avoidance action. The July 10 order dealt solely with the treatment of Debtor's claim in the Chapter 13 plan, and contained no language waiving Trustee's right to later bring a preference action. The April 5 order effectively provided Defendant with relief from the automatic stay. However, the Chapter 13 Trustee's consent to such relief does not waive the Chapter 7 Trustee's right to avoid the security interest.[4] *See Pereira v. Lehigh*

---

3. *See* 2000 Ga. Laws 352, § 2, *amended by* O.C.G.A. § 40–3–50 (2001).

4. In this case, the stay relief was not contested, and the order granting relief contained no

*Savings Bank, SLA (In re Artha Management, Inc.)*, 174 B.R. 671, 676 (Bankr. S.D.N.Y.1994) (Chapter 11 Trustee did not waive right to bring a preference action against a creditor by entering into a stipulation with that creditor to lift the automatic stay because the stipulation contained no language of waiver and because the trustee is not required to plead a preference action when a creditor moves for stay relief).

Trustee bases her avoidance action on Section 547(b)[5] of the Bankruptcy Code, which governs Trustee's ability to avoid preferential transfers. Generally, trustees use Section 547(b) to avoid the perfection of a security interest, but use their strong-arm power under Section 544(a) to avoid the lien. The effect of Section 544(a) is to allow a trustee to avoid an unperfected security interest in her role as a hypothetical lien creditor. 11 U.S.C.A. § 544(a) (West 1993). Despite having a better case under Section 544(a), Trustee here has based her argument solely on Section 547(b). Because Defendant has not had an opportunity to contest a Section 544(a) argument, the Court is compelled by due process concerns to limit its analysis to Section 547(b) even though Section 544(a) may be a more appropriate remedy for the Trustee.

In a preference action, the burden of proof falls on the trustee. 11 U.S.C. § 547(g).[6] In this case, Trustee has failed to meet her burden on the fifth element of a preference to show that Defendant received more than it would receive in a hypothetical Chapter 7 case. Generally, payments to a secured creditor are not preferential because the creditor's lien survives bankruptcy and that creditor presumably will be paid in full. *Hays v. DMAC Investments, Inc. (In the Matter of RDM Sports Group, Inc.)*, 250 B.R. 805, 814 (Bankr.N.D.Ga.2000). However, in this case, the creation of the lien itself is in question. So the Court must determine whether, by creation of the security interest, Defendant received more than it otherwise would receive in Chapter 7.

Because the liquidation test requires the creditor to be charged with the amount of the preference plus his Chapter 7 distribution, the element can easily be satisfied in all cases except those with a 100 percent dividend. *Ellenberg v. Tulip Prod. Polymerics, Inc. (In re T.B. Home Sewing Enter., Inc.)*, 173 B.R. 782, 786 (Bankr.N.D.Ga.1993) (citing *Palmer Clay Prods. Co. v. Brown*, 297 U.S. 227, 229, 56 S.Ct. 450, 451, 80 L.Ed. 655 (1936)). Although the test is an easy one to meet, it cannot be satisfied in a vacuum. "[T]he Court must, at a minimum, have facts

finding that Defendant's claim was secured. Under different facts, the issue of whether a trustee waives the right to bring an avoidance action might be a more difficult question.

5. Section 547(b) reads, in pertinent part, as follows:

the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—

(A) on or within 90 days before the date of the filing of the petition; ... [and]
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C.A. § 547(b) (West 1993).

6. "For the purposes of this section, the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section ...." 11 U.S.C.A. § 547(g) (West 1993).

which establish Debtor's total assets and liabilities." *Kelley v. Chevy Chase Bank* (*In re Smith*), 231 B.R. 130, 134 (Bankr. M.D.Ga.1999) (Walker, J.). Trustee made a bare allegation that, because of the security interest, Defendant is better off than it otherwise would be under Chapter 7 but provided no supporting facts. If this were a 100 percent case, the creation of the security interest would not change Defendant's position because Defendant would be paid in full regardless of the lien. On the other hand, if the case provided a dividend of less than 100 percent, Defendant likely would be better off because the security interest theoretically would guarantee full payment.

Trustee bears the burden to prove the elements of a preference. Although the Court could seek the necessary facts by taking judicial notice of all the documents filed in this case, including Debtors' schedules,[7] it declines to do so without a request by the Trustee subject to objection by Defendant. *Smith*, 231 B.R. at 135. Moreover, if the Court were to take judicial notice of Debtors' schedules at this point, Defendant would not have an opportunity to controvert any facts listed in those schedules. *Id.* Without facts to determine the effect of a hypothetical liquidation, Trustee cannot prove a preference. Therefore, she is not entitled to judgment as a matter of law on her avoidance claim.

 Trustee also seeks summary judgment in her favor on Defendant's counterclaim. Defendant has argued that its claim should be exempt from the bankruptcy proceedings, which the court interprets as a request for a finding of nondischargeability. A Debtor can be denied discharge as to a particular claim under Section 523 of the Bankruptcy Code. 11 U.S.C.A. § 523(a) (West 1993 & Supp. 2001). Although Defendant has alleged bad faith on the part of Debtors, the undisputed facts in this proceeding do not support a finding of nondischargeability under any subpart of Section 523. Even if the allegation of bad faith were true, it is not grounds for nondischargeability of a claim. When Trustee filed her motion, Defendant could have provided facts to support its counterclaim or to show a dispute of material fact, but it did not. There is no legal basis for a finding of nondischargeability on the facts present.[8] Therefore, Trustee is entitled to judgment as a matter of law on Defendant's counterclaim.

An Order in conformance with this Opinion will be entered on this date.

### ORDER

In accordance with the Memorandum Opinion entered on this date, the Court hereby DENIES Plaintiff's Motion for Summary Judgment as to Plaintiff's claim to avoid a preference, and GRANTS Plaintiff's Motion for Summary Judgment as to Defendant's counterclaim for nondischargeability.

---

7. *Sweetapple Plastics, Inc. v. Philip Shuman & Sons, Inc.* (*In the Matter of Sweetapple Plastics, Inc.*), 77 B.R. 304, 310 n. 14 (Bankr. M.D.Ga.1987).

8. The Court also notes that Trustee is correct in her assertion that the debtor, not the trustee, is the proper party in a nondischargeability action. *See Conkling v. DeBernardis* (*In re Parks*), 76 B.R. 22, 24 (Bankr.N.D.N.Y.1984).