**In re HOUSTON STEEL FABRICATORS, LLC, Debtor.**

**J. Coleman Tidwell, Trustee, Plaintiff,**

**v.**

**Jerry R. Sheffield and Amanda Sheffield, Defendants.**

**Bankruptcy No. 05–50456–JDW. Adversary No. 05–5122.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

May 25, 2006.

Ed S. Sell, III, Blake Edwin Lisenby, Macon, GA, for Plaintiff.

Jerry and Amanda Sheffield, Eastman, GA, pro se Defendants.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Plaintiff's complaint to recover preferences and motion for summary judgment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Undisputed Facts

Debtor Houston Steel Fabricators, LLC filed a bankruptcy petition on February 3, 2005. On September 8, 2005, Plaintiff, the Chapter 7 Trustee, filed this adversary proceeding to recover preferences. Plaintiff subsequently filed a motion for summary judgment including a statement of material facts not in dispute. Pursuant to Local Rule 7056–1(c), the facts alleged in Plaintiff's statement may be deemed admitted unless controverted by a statement of facts from Defendants Jerry and Amanda Sheffield. Defendants have not contested the motion for summary judgment and have not filed a statement controverting the facts alleged by Plaintiff. For that reason, the Court will accept the following facts asserted by Plaintiff as true:

Defendants do business as J & M Homes. During the 90 days prior to filing bankruptcy Debtor made two payments on an unsecured debt it owed to the Sheffields. One payment of $103,214.46 was made on December 9, 2004. Another payment of $18,000 was made on November 26, 2004. The debt was incurred prior to

either payment. Plaintiff has also contended as a matter of fact that the payments allowed Defendants to receive more than they would have in a hypothetical liquidation had the payments not been made.

### Conclusions of Law

■ Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 750 (11th Cir.2000). The Court views all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1277 (11th Cir.2001). However, the Court neither weighs the evidence nor determines its credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

At issue in this case is whether certain transfers made by Debtor to Defendants may be avoided as preferences. Section 547(b) [1] provides as follows:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of antecedent debt owed by the debtor before such transfer was made;

---

1. The applicable law in this case is the law as it existed prior to the enactment of the Bank- ruptcy Abuse Prevention and Consumer Protection Act of 2005.

(3) made while the debtor was insolvent;

(4) made

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The first question is whether the transfers were made to or for the benefit of a creditor. In this case, Debtor owed an unsecured debt to Defendants and the transfers were payments on that debt. Thus, the transfers were made both to and for the benefit of a creditor.

The second question is whether the transfers were made on account of an antecedent debt. Because the debt in this case arose prior to the transfers at issue, the transfers were made on account of antecedent debt.

The third question is whether the transfers were made while Debtor was insolvent. Section 547(f) provides that "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). Because both transfers were made during the 90 days preceding the bankruptcy filing, Debtor was presumptively insolvent at the time they were made.

The fourth question is whether the transfers were made during the 90 days prior to the filing of the petition. In this case, the bankruptcy petition was filed on February 3, 2005, and the transfers were made during the prior 90 days on December 9, 2004, and November 26, 2004.

The final question is whether the transfers caused Defendants to receive more than they would have received in a hypothetical liquidation had the transfers not been made. Plaintiff has alleged that this statement is true, and Defendants have not refuted it. However, the statement is a legal conclusion for which Plaintiff has provided no factual basis. In *Kelley v. Chevy Chase Bank (In re Smith)*, 231 B.R. 130 (Bankr.M.D.Ga.1999) (Walker, J.), this Court denied a summary judgment motion in similar circumstances.

■ In *Smith*, the trustee sought to recover a preference and filed a motion for summary judgment. The Court denied the motion because "he failed to state facts necessary for the Court to find" that the fifth element of a preference was satisfied. *Id.* at 133. "In order to determine whether this test has been satisfied, the Court must, at a minimum have facts which establish Debtor's total assets and liabilities." *Id.* at 134. The Court rejected the trustee's argument that it could take judicial notice of such facts from the debtor's case file for three reasons: First, it is not the Court's duty to comb the case file for facts that support the trustee's motion; second, the movant has the burden of alleging all material facts; and third, the respondent's ability to challenge facts is compromised when the Court takes judicial notice of such facts without any notice to the respondant. *Id.* at 135.

The court could speculate with near perfect assurance of certainty that unsecured creditors in the case will not be paid in full. However, such speculation, however

certain, is not fact. A conclusory allegation to that effect is still an allegation, and not a fact. Because Plaintiff in this case has not alleged facts to support the fifth element of a preference claim, the Court cannot conclude that Plaintiff has proven all the elements of a preference action. Consequently, the Court must deny Plaintiff's motion for summary judgment without prejudice.

An Order in accordance with this Opinion will be entered on this date.